United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30487

_____

ALBERT RONNIE BURRELL;
MICHAEL RAY GRAHAM, JR.,

Plaintiffs - Appellees,

versus

TOMMY ADKINS; ET AL.,

Defendants,

TOMMY ADKINS; DAN J. GRADY, III;
ROBERT LEVY,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2679

_____

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Albert Ronnie Burrell and Michael Ray Graham, Jr. (the "Plaintiffs") were prosecuted for and convicted of murder in Louisiana state court, and each spent over 13 years on death row. All charges were eventually dismissed for lack of credible evidence, and the Plaintiffs sued various parish and state officials for violating their civil rights. Former Union Parish

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district attorney Tommy Adkins (sued in his individual and official capacities), former assistant district attorney Dan J. Grady, III (sued solely in his individual capacity), and current district attorney Robert Levy (sued in his official capacity, as successor in liability) (the "Defendants") moved to dismiss for lack of jurisdiction and failure to state a claim.  The district court dismissed the individual capacity claims against the Defendants (except as to one incident involving Grady) but not the official capacity claims.  The Defendants appealed.

For the reasons stated by the district court, we AFFIRM the denial of the motion to dismiss the Plaintiffs' claims against the Defendants in their official capacities.  For essentially the reasons stated by the magistrate judge, however, we REVERSE the denial of the motion to dismiss the one remaining claim against Grady in his individual capacity.  Finally, we decline to address the sufficiency of the Monell pleading, Monell v. Dept. of Soc. Svcs., 436 U.S. 658 (1978), but REMAND for further proceedings not inconsistent with this decision.

AFFIRMED in part; REVERSED in part; and REMANDED.